N THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN SAPIENZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 C 5599 |
| | ) | |
| FOREST PRESERVE DISTRICT OF COOK COUNTY, FOREST PRESERVE POLICE OFFICERS J. OBORA, Star 322, and SHUKSTOR, Star 484, | ) ) ) ) | Judge Manning

Magistrate Judge Cole |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

## FIRST AMENDED COMPLAINT

NOW COMES the plaintiff, STEVEN SAPIENZA, through his attorneys, A Law Office of Christopher R. Smith, and complaining of the defendants FOREST PRESERVE DISTRICT OF COOK COUNTY, and FOREST PRESERVE POLICE OFFICERS J. OBORA, Star 322, and SHUKSTOR, Star 484, states as follows:

### INTRODUCTION

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiffs of rights secured by the Constitution and laws of the United States.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is

founded upon 18 U.S.C. Sections 1331 and 1341(3) and (4) and 1343, and the aforementioned Constitutional and statutory provisions.

## PARTIES

3. Plaintiff is a citizen of the United States, who was residing in Cook County, Illinois on November 2, 2005.

4. J. Obora, Star 322, and Shukster, Star 484 are Cook County Forest Preserve Police Officers employed by the Forest Preserve District of Cook County. All are sued individually.

5. Defendant Forest Preserve District of Cook County (FPDCC) is an Illinois corporation duly incorporated under the laws of the State of Illinois, pursuant to 70 ILCS 810/4, and is and was the employer of the individual officers named herein.

6. At all times relevant hereto, defendant officers were acting under color of the statutes, ordinances, regulations, customs and usages of the State of Illinois, the County of Cook, and the Cook County Forest Preserve Police Department ("CCFPPD"), and within the scope of their employment with defendant Forest Preserve District of Cook County.

## FACTS

7. On November 2, 2005, Steven Sapienza finished work early and drove to Bemis Park to exercise.

8. Mr. Sapienza walked around a tree and began to stretch in preparation for his work-out.

9. The defendant officers approached Mr. Sapienza and exclaimed, "Stop! Police! You fucking pervert. We got you flashing those girls." Mr. Sapienza replied that he wasn't flashing anyone and that he was not a pervert. Mr. Sapienza asked the officers to call the alleged

2

victims of his "flashing" over to where Mr. Sapienza and the officers stood in order to ask them whether Mr. Sapienza committed the "flashing." The officers did not call over the alleged victims. The officers asked Mr. Sapienza for identification, and Mr. Sapienza informed the officers that he left his identification in the parking lot.

10. The defendant officers walked with Mr. Sapienza to his car. One of the officers, without permission, attempted to open the door of Mr. Sapienza's car, which was locked. Mr. Sapienza informed the officers that he didn't want the officers to search his car and that he was a licensed private investigator. An officer grabbed Mr. Sapienza's key from his hand and opened the door.

11. Officers began to search the car, telling Mr. Sapienza to, "Shut the fuck up; I'll do what I want to do." Officers requested that Mr. Sapienza confess to "something," so that the defendant officers could write a ticket and let Mr. Sapienza return home.

12. The defendant officers found Mr. Sapienza's gun inside the car, which was licensed and legal. The defendant officers handcuffed Mr. Sapienza, and later, Mr. Sapienza was transported to Maywood for processing. Mr. Sapienza was released from custody on the same day at approximately 7 p.m.

13. The defendant officers then conspired, agreed, and discussed among themselves how to falsely charge Mr. Sapienza to cover up for the illegal arrest, search, and seizure of Mr. Sapienza. The officers prepared reports and a complaint alleging that Mr. Sapienza attempted to grab the genital area of Officer Obora.

14. To this end the defendant officers, acting in furtherance of the conspiracy, drafted and signed false police reports and knowingly filed false charges against Sapienza. Mr. Sapienza was charged with battery and disorderly conduct.

15. The charges against Mr. Sapienza were dropped, indicative of Mr. Sapienza's innocence.

16. As a direct and proximate result of the malicious actions of the coconspirators, Sapienza was injured, including the loss of his freedom, damage to his reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, attorney's fees, dispossession of his property and costs related thereto, lost time, wages, extreme emotional distress, and a severe loss of income.

## COUNT I

### Against Officers for Section 1983 Fourth Amendment Violations

1-17. Paragraphs 1 through 17 above are realleged here as if fully set forth herein.

18. The searches and seizures of the plaintiff's person and property as detailed above, performed willfully and wantonly by the defendants, individually and in conspiracy with each other, were in violation of plaintiff's right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. sec. 1983.

19. As a proximate result of the aforementioned Fourth Amendment violations, plaintiff was injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused the plaintiff great mental anguish and humiliation, exposed him to public scandal and disgrace, the loss of his freedom, damage to his reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, attorney's fees, dispossession

of his property and costs related thereto, lost time, wages, extreme emotional distress, and a severe loss of income, all to his damage.

WHEREFORE, the plaintiff demands judgment against the individual officers, jointly and severally, for compensatory damages in an amount in excess of ONE MILLION AND TWO HUNDRED FIFTY THOUSAND DOLLARS ($1,250,000.00) and further demands judgment against each of said defendants, jointly and severally, for punitive damages in an amount in excess of ONE MILLION AND TWO HUNDRED FIFTY THOUSAND DOLLARS ($1,250,000.00), plus attorneys' fees pursuant to statute and the costs of this action and such other relief as this Court deems just, proper, and equitable.

## COUNT II

## 745 ILCS 10/9-102

1-17. Plaintiff realleges paragraphs 1 through 17 above, as if fully set forth here.

18. Defendant Forest Preserve District of Cook County is the employer of Defendants Obora and Shukster.

19. Defendants Obora and Shukster committed the acts alleged above under color of law and in the scope of their employment as employees of the Forest Preserve District of Cook County.

WHEREFORE, should Obora and Shukster be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant Cook County Forest Preserve District be found liable for any judgment plaintiff obtains against said defendants, as well as attorneys fees and costs awarded.

## COUNT III

### False Arrest — State Claim Against FPDCC and Officers

1-17.   Paragraphs 1 through 17 above are realleged here as if fully set forth.

18.   By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact arrest Steven Sapienza on false charges for which they knew there was no probable cause.

19.   The County is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant County, and while acting within the scope of their employment.

20.   As a direct and proximate result of the false arrest, Steven Sapienza was damaged, including exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, anguish, the loss of his freedom, pain, attorney's fees, dispossession of his property and costs related thereto, lost time, wages, extreme emotional distress, and a severe loss of income.

WHEREFORE, plaintiff Steven Sapienza demands judgment against the Forest Preserve District of Cook County and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of ONE MILLION AND TWO HUNDRED FIFTY THOUSAND DOLLARS ($1,250,000.00), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of SEVEN ONE MILLION AND TWO HUNDRED FIFTY THOUSAND DOLLARS ($1,250,000.00), and further demand attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

## COUNT IV

### Malicious Prosecution — State Claim Against FPDCC and Officers

1-17.   Paragraphs 1 through 17 above are realleged here as if fully set forth.

18.   By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact maliciously prosecute Steven Sapienza on false charges for which they knew there was no probable cause.

19.   The Forest Preserve District of Cook County is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant Forest Preserve District of Cook County, and while acting within the scope of this employment.

20.   As a direct and proximate result of the malicious prosecution, Steven Sapienza was damaged, including exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, anguish, the loss of his freedom, pain, attorney's fees, dispossession of his property and costs related thereto, lost time, wages, extreme emotional distress, and a severe loss of income.

WHEREFORE, plaintiff Steven Sapienza demands judgment against the Forest Preserve District of Cook County and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of ONE MILLION AND TWO HUNDRED FIFTY THOUSAND DOLLARS ($1,250,000.00), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of ONE MILLION AND TWO HUNDRED FIFTY THOUSAND DOLLARS ($1,250,000.00), and further demand

attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

## COUNT V

### Intentional Infliction of Emotional Distress Against FPDCC and Officers

1-17. Paragraphs 1 through 17 above are realleged here as if fully set forth.

18. The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

19. Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

20. As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, anxiety attacks, and flashbacks.

21. The Forest Preserve District of Cook County is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant FPDCC, and while acting within the scope of this employment.

WHEREFORE, plaintiff Steven Sapienza seeks judgment against the Forest Preserve District of Cook County and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of ONE MILLION AND TWO HUNDRED FIFTY THOUSAND DOLLARS ($1,250,000.00), and further demand judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of ONE MILLION

AND TWO HUNDRED FIFTY THOUSAND DOLLARS ($1,250,000.00), and further demand attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

                                          Respectfully submitted,

                                          STEVEN SAPIENZA

                                          By:_____/s Jared S. Kosoglad_____
                                                      One of his attorneys

Christopher R. Smith
Jared S. Kosoglad
A Law Office of Christopher R. Smith
119 N. Peoria Street, Suite 3A
Chicago, Illinois 60607
312-432-0400