File No. 3004414-MET-jys

# IN THE UNTIED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN SAPIENZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 C 5599 |
| | ) | |
| FOREST PRESERVE DISTRICT OF COOK | ) | |
| COUNTY, FOREST PRESERVE POLICE | ) | Judge Manning |
| OFFICERS J. OBORA, Star 322, and | ) | |
| SHUKSTOR, Star 484, | ) | Magistrate Judge Cole |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COME the defendants, FOREST PRESERVE DISTRICT OF COOK COUNTY, FOREST PRESERVE POLICE OFFICERS J. OBORA, Star 322, and SHUKSTOR, Star 484, through their attorneys, SmithAmundsen LLC, and for their Answer, Defenses, and Jury Demand to Plaintiff's First Amended Complaint, state as follows:

### INTRODUCTION

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiffs of rights secured by the Constitution and laws of the United States.

**ANSWER:** Defendants admit that this lawsuit arises under certain provisions of the Constitution of the United States and certain statutory provisions of the United States, however, they deny they violated any of plaintiff's rights secured by the Constitution and laws of the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 18 U.S.C. Sections 1331 and 1341(3) and (4) and 1343, and the aforementioned Constitutional and statutory provisions.

**ANSWER:** Defendants admit that plaintiff invokes this Court's jurisdiction pursuant to the statutory provisions cited.

## PARTIES

3. Plaintiff is a citizen of the United States, who was residing in Cook County, Illinois on November 2, 2005.

**ANSWER:** Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph, but demand strict proof thereof.

4. J. Obora, Star 322, and Shukster, Star 484 are Cook County Forest Preserve Police Officers employed by the Forest Preserve District of Cook County. All are sued individually.

**ANSWER:** Defendants admit that the officers named are employed by the Forest Preserve District of Cook County and that the officers are sued individually, defendants deny all other allegations contained in paragraph 4.

5. Defendant Forest Preserve District of Cook County (FPDCC) is an Illinois corporation duly incorporated under the laws of the State of Illinois, pursuant to 70 ILCS 810/4, and is and was the employer of the individual officers named herein.

**ANSWER:** Defendants admit the Forest Preserve District is an Illinois Special District organized under the Cook County Forest Preserve District Act (70 ILCS 810/0.01) and is and

2

was the employer of the individual officers named; defendants deny all other allegations contained in paragraph 5.

6. At all times relevant hereto, defendant officers were acting under color of the statutes, ordinances, regulations, customs and usages of the State of Illinois, the County of Cook, and the Cook County Forest Preserve Police Department ("CCFPPD"), and within the scope of their employment with defendant Forest Preserve District of Cook County.

**ANSWER:** Defendants admit the allegations contained in paragraph 6.

## FACTS

7. On November 2, 2005, Steven Sapienza finished work early and drove to Bemis Park to exercise.

**ANSWER:** Defendants lack sufficient knowledge to admit or deny the allegations in this paragraph, but demand strict proof thereof.

8. Mr. Sapienza walked around a tree and began to stretch in preparation for his workout.

**ANSWER:** Defendants deny the allegations in paragraph 8.

9. The defendant officers approached Mr. Sapienza and exclaimed, "Stop! Police! You fucking pervert. We got you flashing those girls." Mr. Sapienza replied that he wasn't flashing anyone and that he was not a pervert. Mr. Sapienza asked the officers to call the alleged victims of his "flashing" over to where Mr. Sapienza and the officers stood in order to ask them whether Mr. Sapienza committed the "flashing." The officers did not call over the alleged victims. The officers asked Mr. Sapienza for identification, and Mr. Sapienza informed the officers that he left his identification in the parking lot.

**ANSWER:** Defendants deny the allegations in paragraph 9.

10. The defendant officers walked with Mr. Sapienza to his car. One of the officers, without permission, attempted to open the door of Mr. Sapienza's car, which was locked. Mr. Sapienza informed the officers that he didn't want the officers to search his car and that he was a licensed private investigator. An officer grabbed Mr. Sapienza's key from his hand and opened the door.

**ANSWER:** Defendants deny the allegations in paragraph 10.

11. Officers began to search the car, telling Mr. Sapienza to, "Shut the fuck up; I'll do what I want to do." Officers requested that Mr. Sapienza confess to "something," so that the defendant officers could write a ticket and let Mr. Sapienza return home.

**ANSWER:** Defendants deny the allegations in paragraph 11.

12. The defendant officers found Mr. Sapienza's gun inside the car, which was licensed and legal. The defendant officers handcuffed Mr. Sapienza, and later, Mr. Sapienza was transported to Maywood for processing. Mr. Sapienza was released from custody on the same day at approximately 7 p.m.

**ANSWER:** Defendants deny the allegations in paragraph 12.

13. The defendant officers then conspired, agreed, and discussed among themselves how to falsely charge Mr. Sapienza to cover up for the illegal arrest, search, and seizure of Mr. Sapienza. The officers prepared reports and a complaint alleging that Mr. Sapienza attempted to grab the genital area of Officer Obora.

**ANSWER:** Defendants deny the allegations in paragraph 13.

14. To this end the defendant officers, acting in furtherance of the conspiracy, drafted and signed false police reports and knowingly filed false charges against Sapienza. Mr. Sapienza was charged with battery and disorderly conduct.

**ANSWER:** Defendants deny the allegations in paragraph 14.

15. The charges against Mr. Sapienza were dropped, indicative of Mr. Sapienza's innocence.

**ANSWER:** Defendants deny the allegations in paragraph 15.

16. As a direct and proximate result of the malicious actions of the coconspirators, Sapienza was injured, including the loss of his freedom, damage to his reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, attorney's fees, dispossession of his property and costs related thereto, lost time, wages, extreme emotional distress, and a severe loss of income.

**ANSWER:** Defendants deny the allegations in paragraph 16.

## COUNT I

### Against Officers for Section 1983 Fourth Amendment Violations

1-17. Paragraphs 1 through 17 above are realleged here as if fully set forth herein.

**ANSWER:** Defendants reallege and incorporate their answers to paragraphs 1 through 17.

18. The searches and seizures of the plaintiff's person and property as detailed above, performed willfully and wantonly by the defendants, individually and in conspiracy with each other, were in violation of plaintiff's right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. sec. 1983.

**ANSWER:** Defendants deny the allegations in paragraph 18 of Count I.

19. As a proximate result of the aforementioned Fourth Amendment violations, plaintiff was injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused the plaintiff great mental anguish and humiliation,

exposed him to public scandal and disgrace, the loss of his freedom, damage to his reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, attorney's fees, dispossession of his property and costs related thereto, lost time, wages, extreme emotional distress, and a severe loss of income, all to his damage.

**ANSWER:** Defendants deny the allegations in paragraph 19 of Count I.

WHEREFORE, Defendants, Forest Preserve District of Cook County, Jason Obora, and Joseph Shukstor, request that judgment be entered in their favor and against plaintiff, Steven Sapienza, together with costs incurred.

## COUNT II

## 745 ILCS 10/9-102

1-17. Plaintiff realleges paragraphs 1 through 17 above, as if fully set forth here.

**ANSWER:** Defendants reallege and incorporate their answers to paragraphs 1 through 17.

18. Defendant Forest Preserve District of Cook County is the employer of Defendants Obora and Shukster.

**ANSWER:** Defendants admit the allegations in paragraph 18 of Count II.

19. Defendants Obora and Shukster committed the acts alleged above under color of law and in the scope of their employment as employees of the Forest Preserve District of Cook County.

**ANSWER:** Defendants deny the allegations in paragraph 19 of Count II.

WHEREFORE, Defendants, Forest Preserve District of Cook County, Jason Obora, and Joseph Shukstor, request that judgment be entered in their favor and against plaintiff, Steven Sapienza, together with costs incurred.

## COUNT III

### False Arrest — State Claim Against FPDCC and Officers

1-17.   Paragraphs 1 through 17 above are realleged here as if fully set forth.

**ANSWER:**   Defendants reallege and incorporate their answers to paragraphs 1 through 17.

18.   By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact arrest Steven Sapienza on false charges for which they knew there was no probable cause.

**ANSWER:**   Defendants deny the allegations in paragraph 18 of Count III.

19.   The County is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant County, and while acting within the scope of their employment.

**ANSWER:**   Defendants deny the allegations in paragraph 19 of Count III.

20.   As a direct and proximate result of the false arrest, Steven Sapienza was damaged, including exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, anguish, the loss of his freedom, pain, attorney's fees, dispossession of his property and costs related thereto, lost time, wages, extreme emotional distress, and a severe loss of income.

**ANSWER:**   Defendants deny the allegations in paragraph 20 of Count III.

WHEREFORE, Defendants, Forest Preserve District of Cook County, Jason Obora, and Joseph Shukstor, request that judgment be entered in their favor and against plaintiff, Steven Sapienza, together with costs incurred.

## COUNT IV

### Malicious Prosecution — State Claim Against FFDCC and Officers

1-17. Paragraphs 1 through 17 above are realleged here as if fully set forth.

**ANSWER:** Defendants reallege and incorporate their answers to paragraphs 1 through 17.

18. By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in tact maliciously prosecute Steven Sapienza on false charges for which they knew there was no probable cause.

**ANSWER:** Defendants deny the allegations in paragraph 18 of Count IV.

19. The Forest Preserve District of Cook County is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant Forest Preserve District of Cook County, and while acting within the scope of this employment.

**ANSWER:** Defendants deny the allegations in paragraph 19 of Count IV.

20. As a direct and proximate result of the malicious prosecution, Steven Sapienza was damaged, including exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, anguish, the loss of his freedom, pain, attorney's fees, dispossession of his property and costs related thereto, lost time, wages, extreme emotional distress, and a severe loss of income.

**ANSWER:** Defendants deny the allegations in paragraph 20 of Count IV.

WHEREFORE, Defendants, Forest Preserve District of Cook County, Jason Obora, and Joseph Shukstor, request that judgment be entered in their favor and against plaintiff, Steven Sapienza, together with costs incurred.

## COUNT V

### Intentional Infliction of Emotional Distress Against FPDCC and Officers

1-17. Paragraphs 1 through 17 above are realleged here; as if fully set forth.

**ANSWER:** Defendants reallege and incorporate their answers to paragraphs 1 through 17.

18. The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

**ANSWER:** Defendants deny the allegations in paragraph 18 of Count V.

19. Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

**ANSWER:** Defendants deny the allegations in paragraph 19 of Count V.

20. As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, anxiety attacks, and flashbacks.

**ANSWER:** Defendants deny the allegations in paragraph 20 of Count V.

21. The. Forest Preserve District of Cook County is sued in this Count pursuant to the doctrine of respondent superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant FPDCC, and while acting within the scope of this employment.

**ANSWER:** Defendants deny the allegations in paragraph 21 of Count V.

WHEREFORE, Defendants, Forest Preserve District of Cook County, Jason Obora, and Joseph Shukstor, request that judgment be entered in their favor and against plaintiff, Steven Sapienza, together with costs incurred.

## AFFIRMATIVE DEFENSES

1. As to all federal claims, at all times during the events alleged in plaintiff's Amended Complaint, a reasonable police officer, objectively viewing the facts and circumstances confronting the defendants during the incident which allegedly provides the basis for the present case, would have reasonably believed that the actions taken by them were objectively reasonable and were within constitutional limits that were clearly established at the time. Defendants are entitled to qualified immunity from liability. The alleged actions and conduct of defendants did not cause a constitutional violation, nor did the alleged conduct violate clearly established standards for constitutional conduct of which a reasonably competent police officer would have known under the circumstances.

2. To the extent that any individual defendant was working as a police officer, he may have been acting in the execution and enforcement of the law. The actions of these officers, working as police officers, were not willful or wanton. Therefore, these defendant officers are immune from liability for the claims alleged because public employees are not liable for their acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

3. To the extent that any individual defendant was a public employee serving in a position involving the determination of policy or the exercise of discretion he is not liable for any of the claims alleged. Further, the decisions to arrest and charge plaintiff are discretionary decisions for which a police officer is immune from liability. 745 ILCS 10/2-201.

4. The defendants are not liable for any of plaintiff's alleged claims because they are public employees who were acting within the scope of their employment and, as such, the

defendants are not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

5. The defendants are not liable to plaintiff because they did not act with malice and without probable cause. 745 ILCS 10/2-208.

6. The defendants are not liable for any of the alleged claims because the acts and/or omissions of plaintiff were the sole proximate cause of any injuries he may have sustained. 745 ILCS 10/2-204.

7. Where either the defendant officers or the Forest Preserve District of Cook County may be liable in damages, the total amount of damages to which plaintiff would otherwise be entitled must be reduced by the application of principles of comparative fault in proportions to the amount of the negligent, willful and wanton and/or intentional conduct of the plaintiff, including committing a criminal offense, and which were the proximate cause of his arrest and alleged injuries. If such fault of the plaintiff, compared with the fault of all tortfeasors, exceeds fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought, neither the Forest Preserve District of Cook County nor the individual defendants are liable.

8. One basis for liability against the Forest Preserve District of Cook County is a claim for indemnity. 745 ILCS 10/9-102. If the defendant officers are found not liable to the plaintiff, the Forest Preserve District of Cook County is not liable to the plaintiff. 745 ILCS 10/9-102.

9. Another basis for liability against the Forest Preserve District of Cook County is a claim for respondeat superior. If the defendant officers are found not liable to the plaintiff, the Forest Preserve District of Cook County is not liable to the plaintiff.

WHEREFORE, Defendants, Forest Preserve District of Cook County, Jason Obora, and Joseph Shukstor, request that judgment be entered in their favor and against plaintiff, Steven Sapienza, together with costs incurred based upon the foregoing affirmative defenses at law.

## JURY DEMAND

Defendants Demand Trial By Jury.

Respectfully submitted,

SMITHAMUNDSEN LLC

By:   s/ Marcie Thorp
Attorneys for Defendants,
FOREST PRESERVE DISTRICT OF
COOK COUNTY, FOREST PRESERVE
POLICE OFFICERS J. OBORA, Star 322,
and SHUKSTOR, Star 484

Marcie E. Thorp, Attorney No. 6210275
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
(312) 894-3210 Fax