**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN SAPIENZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 C 5599 |
| | ) | |
| FOREST PRESERVE DISTRICT OF COOK | ) | Judge Manning |
| COUNTY, FOREST PRESERVE POLICE | ) | |
| OFFICERS J. OBORA, Star 322, and | ) | Magistrate Judge Cole |
| SHUKSTOR, Star 484, | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

**MOTION TO COMPEL**

Plaintiff, Steven Sapienza, by and through his attorneys, Jared S. Kosoglad and Christopher R. Smith, A Law Office of Christopher R. Smith, respectfully moves this Court pursuant to Rule 37 of the Federal Rules of Civil Procedure for an order to compel production, as follows.

In support of this motion, plaintiff states as follows:

1. This case is about the defendants' alleged false arrests of the plaintiff for criminal conduct of a sexual nature.

2. At his deposition, Officer Shukstor testified to the effect that when he is assigned by the chief of police to, "Alternative Lifestyles Patrol," as he was so assigned on the day of this incident, he makes approximately 25 arrests per day for sexual misconduct. (transcript not yet available)

3. The defendants produced nine redacted records of other arrests made on the same

1

day as plaintiff by the same officers. Although arrested for sexual misconduct and charged on the public record, the defendants assert they will not produce any information to identify the persons arrested in order to protect the arrestees' privacy.

4. Three of those nine arrests by the same officers took place within five minutes of the plaintiff's arrest, at another location; all of the persons arrested by the, "Alternative Lifestyles Patrol," are witnesses to the unconstitutional and discriminatory practices of the Cook County Forest Preserve, especially those arrested on November 2, 2005.

5. Those arrests and the plaintiff's initial stop were made pursuant to prima facie unconstitutional statutes, which are applied in an obscenely discriminatory manner, that read in pertinent part, "No person shall appear . . . in a dress not properly belonging to his or her sex, or in an indecent or lewd manner, and no person shall . . . be guilty of any lewd or indecent act or behavior in any forest preserve." Forest Preserve District of Cook County Ordinance 3-3-5. Moreover, the disorderly conduct statute, FPDCC Ordinance 3-3-1, makes unlawful a wide range of innocent conduct, including (A) *improper* noises and disturbances; (C) all persons *idle* or *dissolute*; (D) "juggling or any other unlawful games or plays;" (E) "All persons . . . found at any time in outhouses, sheds, barns, stables or underneath sidewalks or bridges or lodging in the open air and *not giving a good account of themselves*;" and (F) "All persons who are known to be [criminals][1] either by their own confession *or otherwise* or by [conviction for] larceny, burglary, *or other crimes* . . . who are found lounging in . . . any . . . structure within any forest preserve, and who are *unable to give a reasonable excuse for being so found*;" (emphasis added). The statutes above are merely highlighted here, which highlights do not do justice to the textbook

---

[1] Limited to thieves, burglars, pickpockets, robbers or confidence man.

unconstitutionality of these statutes on their face and as applied.

6. As a consequence of the widespread discrimination at play here, plaintiffs have unsuccessfully requested the following records of the defendants, including:

(a) the defendant officers' unredacted arrest records for November 2, 2005;

(b) the records of arrests, unredacted, in which the defendants claim they were personally victimized by an offender;

(c) each and every citation and arrest report, unredacted, created by Cook County Forest Preserve District P.O.'s Obora and Shukstor between and including October 26, 2005 through November 9, 2005;

(d) each and every citation and arrest report, unredacted, created by the Cook County Forest Preserve District on November 2, 2005; and

(e) any and all correspondences and memoranda, including electronic memoranda, regarding lewd sexual conduct in the Cook County Forest Preserve District sent by or to any employee thereof in the year 2005 or in force on November 2, 2005.

7. Plaintiff believes these documents are relevant to the matter as is, relevant to the discovery of causation for plaintiff's arrest, insofar as the arrest appears to have been caused by policies and practices of the FPDCC, and relevant to the preliminary injunction plaintiff may soon seek.

8. Plaintiffs have made a good faith effort to resolve the issues set forth herein, by correspondence and otherwise, long ago notified the defendants of our intention to compel this material, and believe that these issues cannot be resolved absent court intervention.

WHEREFORE, plaintiff Steven Sapienza respectfully requests that this Honorable Court enter an order to compel production of the above described documents.

                                                 Respectfully submitted,

                                                 /s Jared S. Kosoglad
                                                 One of Plaintiff's Attorneys

Christopher R. Smith
Jared S. Kosoglad
A Law Office Of Christopher R. Smith
119 North Peoria, Suite 3A
Chicago, Illinois 60607
312-432-0400

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on June 25, 2007, he served this certificate of service and accompanying motion to compel on the below listed attorneys by electronic means in accordance with this Court's rules.

| | |
|---|---|
| Marcie E. Thorp<br>Smith Amundsen LLC<br>150 North Michigan Avenue, Suite 3300<br>Chicago, IL 60601<br>312-894-3210 | Robert L. Baker<br>Forest Preserve District HQ<br>Legal Department<br>69 West Washington, Suite 2010<br>Chicago, IL 60602<br>(312)603-9850 |

                                                 _____/s Jared S. Kosoglad____
                                                 Jared S. Kosoglad

Jared S. Kosoglad
Christopher R. Smith
A Law Office of Christopher R. Smith
119 North Peoria, Suite 3A
Chicago, Illinois 60607
312-432-0400